**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Llwelyn Joseph SCHEXNAYDER and John Edward Miller, Defendants-Appellees.**

**No. 71–1817**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1973.

Gerald J. Gallinghouse, U. S. Atty., Patrick C. McGinity, Mary William Cazalas, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellant.

Joel T. Chaisson, Luling, La., for Schexnayder.

Alfred F. McCaleb, III, Baton Rouge, La. (Court appointed), for Miller.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This appeal was taken by the government pursuant to 18 U.S.C.A. § 3731 (Supp.1972) from an order suppressing evidence. The trial court originally suppressed the confession of the defendant Schexnayder, together with other evidence in the case. However, this order was amended so as to suppress only the confession after this court remanded the matter to the district court for additional findings of fact and conclusions of law. The only issue left in this appeal is whether Schexnayder was under duress at the time the statement was given.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

During the afternoon of July 10, 1970, Customs Agents learned from the defendant Miller that the defendant Schexnayder was the party who had mailed a package containing marijuana to Miller. Miller further informed the agents that Schexnayder was to be married on that evening at 6:00 P.M. The agents went to the church where Schexnayder was to be married and, shortly before the marriage ceremony was to begin, informed the groom-to-be that they had a warrant for his arrest. Schexnayder prevailed on them to allow the ceremony to be completed and agreed to surrender himself at the United States Customs House in New Orleans that evening following his wedding. He later surrendered himself as agreed, was placed under arrest, given proper *Miranda* warnings and advice, and subsequently signed the sworn statement which the court suppressed. A special hearing to set a bond was held that night before a United States Magistrate in order to permit Schexnayder to proceed on his honeymoon. At this hearing he was released on his own recognizance.

The trial court's amplified order makes it clear that he considered the facts surrounding Schexnayder's arrest to conclusively establish that his statement was made under duress. Though it can hardly be denied that Schexnayder's arrest occurred at a very inopportune time from his viewpoint, that fact in itself is insufficient to establish that his subsequent statement was made under duress.

The testimony in the trial court indicates that Schexnayder voluntarily signed a waiver of his rights and signed a sworn statement. It has not even been suggested that the government deliberately timed the arrest of this defendant to coincide with his nuptial activities; rather, the record indicates that the agents arrested the defendant as soon as possible after receiving the incriminating statement of Miller. Nor has it been suggested that either the hearing on Schexnayder's bond or his release was in any way conditioned on his making the statement. Thus there is no evidence of duress in fact in the record before this court. The fact that the defendant no doubt desired to be free to pursue his own affairs cannot suspend the normal processes of the law, including arrest and proper interrogation. Therefore the order of the district court suppressing the statement is reversed and this case remanded for further proceedings.

Reversed and remanded.